UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOHN DOE 1, INDIVIDUALLY** AND AS §
NEXT FRIEND FOR JOHN DOE 2,                    §
A MINOR, *Plaintiff*                                      §
                                                                      §            Cause No. ___5:18-CV-00067___
                                                                      §            JURY TRIAL DEMANDED
                                                                      §
                                                                      §
vs.                                                                  §
                                                                      §
                                                                      §
LA VERNIA INDEPENDENT                        §
SCHOOL DISTRICT,                                    §
*Defendant*                                                  §

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, JOHN DOE 1, INDIVIDUALLY AND AS NEXT FRIEND FOR JOHN DOE 2, A MINOR, files this complaint against Defendant, LA VERNIA INDEPENDENT SCHOOL DISTRICT. In support thereof, Plaintiff would show the Court as follows:

1.      This case arises from Defendant's deliberately indifferent response to multiple events of student-on-student sexual assault and subsequent sex-based harassment. Investigation and media reports indicate this case is but one in what has been a historic and extensive history of abuse and conscious disregard by Defendant.  Defendant's failure to promptly and appropriately investigate and respond to the assaults allowed a condition to be created that substantially increased Minor Plaintiff's chances of being sexually assaulted, as well as others.  Moreover, Defendant's failure to promptly and appropriately investigate and respond to these assaults furthered sexual harassment and a hostile environment, effectively denying Minor Plaintiff, and other students, access to educational opportunities.

1

This action alleges violations of Title IX.

## I.

### Jurisdiction & Venue

2.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district court jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

3.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

4.      Plaintiffs bring this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

5.      Venue for this action exists in this Court under 28 U.S.C. § 1391 in that Defendant is a Texas school district organized and existing under the Laws of the State of Texas and has its principal office in the Western District of Texas and a substantial part of the events or omissions giving rise to the claim occurred in this district.  La Vernia High School is a part of the La Vernia Independent School District.

## II.

### The Parties

6.      Plaintiff JOHN DOE 1 is the natural parent of JOHN DOE 2, A MINOR.  Adult Plaintiff and Minor Plaintiff are citizens of the State of Texas.

7.      Defendant, LA VERNIA INDEPENDENT SCHOOL DISTRICT, hereinafter referred to as LA VERNIA ISD, is a Texas school district organized and existing under the Laws of the State of Texas and having its principal office in La Vernia, Bexar County, Texas.

Defendant, LA VERNIA INDEPENDENT SCHOOL DISTRICT, is a school district, duly formed and existing under the laws of the State of Texas, and may be served with process herein by serving a summons and copy of this Complaint on its acting superintendent, Ms. Shannon Burns at the following address:  13600 US-87. La Vernia, Texas  78121, or wherever maybe located and Ms. Cynthia Buerkle, President, La Vernia Independent School District-Board of Trustees, at the following address: 13600 US-87. La Vernia, Texas  78121, or wherever maybe located.
Defendant LA VERNIA ISD receives federal financial funding and is subject to the provisions of the Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681-1688, and specifically to the anti-discrimination provision of Title IX.

### III.

### The Conduct Complained Of

8.      At all times relevant to the facts alleged in this complaint, JOHN DOE 2, A MINOR, was required to attend school pursuant to Texas Education Code Section 25.085. JOHN DOE 2, A MINOR attended La Vernia High School, located in and a part of the LA VERINA ISD during the school year of 2016 and 2017.

3

9.     During that school term, JOHN DOE 2, A MINOR, was a member of the La Vernia High School basketball team.

10.     The molestation of JOHN DOE 2, A MINOR, occurred on multiple occasions by other upper class members of the basketball team during school basketball games and while at school premises in the basketball locker room.

11.     Such molestations of JOHN DOE 2, A MINOR, occurred while the minor child was under the exclusive control, protection and care of the employees of Defendant LA VERNIA ISD.

13.     The assaults and unwanted sexual advances on the minor child were numerous and frequent in nature and while minor child does not recall the exact number of times he was assaulted, minor child estimates it was over thirty (30) times while attending La Vernia High School.  The assaults took place during the period from October 2016 to February 2017.

14.     The assaults on the minor child occurred at numerous locations, which included the gym locker room at La Vernia High School, the gym shower at La Vernia High School, during basketball practice at La Vernia High School, and at other schools' basketball gyms, before and after basketball games.  One sexual assault involving three (3) assailants occurred following a team dinner at the home of a teammate's parents.

15.     Specifically, on or about January 12, 2017, following dinner, several teammates decided to play three-on-three basketball at the home of a teammate.  Following the game, while ASSAILANT 1 and ASSAILANT 2 physically forced JOHN DOE 2, A MINOR, to the ground and subdued him, ASSAILANT 3, penetrated minor child's anus with a flashlight.

16.     Another assault occurred at the Navarro High School gym, prior to a basketball game at Navarro High School. Specifically, on or about January 20, 2017, ASSAILANT 1 and

ASSAILANT 2 stayed behind while JOHN DOE 2, A MINOR, was getting ready in the locker room.  To the best of JOHN DOE 2, A MINOR's recollection, all other teammates other than ASSAILANT 1 and ASSAILANT 2 had left the locker room and were on the basketball court. ASSAILANT 1 and ASSAILANT 2 physically subdued JOHN DOE 2, A MINOR, and sexually assaulted him by repeatedly grabbing his penis and penetrating his anus with their fingers. JOHN DOE 2, A MINOR, recalls "screaming and yelling as loud as he could".  Following the assault, JOHN DOE 2, A MINOR, proceeded to the basketball court where his teammates were laughing, knowing exactly what had happened to JOHN DOE 2, A MINOR.  COACH 1 was also present on the basketball court, it was clear COACH 1 heard the screaming and yelling. COACH 1, however, ignored the assault and did nothing.

17.     Another assault occurred on or about December 2016 or January 2017.  On this occasion, JOHN DOE 2, A MINOR was being assaulted by upper classmen, ASSAILANT 1 and ASSAILANT 2, in the gym locker room at the premises of La Vernia ISD when COACH 1 observed the assault and unwanted sexual advances.  Most, if not all of the basketball team, was present during the assault and observed such assault.  During the assault, ASSAILANT 1 and ASSAILANT 2 repeatedly grabbed JOHN DOE 2, A MINOR, in the penis and penetrated minor child's anus with their fingers. Rather than stop such actions, COACH 1 walked away and allowed such sexual assault to continue.

18.     Despite actual knowledge of the incident, COACH 1 conducted no investigation as to the events leading to and occurring during the sexual assault.

19.     COACH 1 failed to report the criminal acts involved during such sexual assault in violation of his obligations as an employee of LA VERNIA INDEPENDENT SCHOOL DISTRICT.

5

20.     Despite being an appropriate person who had the authority to investigate and end the sexual assaults being committed upon JOHN DOE 2, A MINOR, COACH 1 instead chose to ignore the acts of ASSAILANT 1 and ASSAILANT 2, thereby failing the hostile environment that JOHN DOE 2, A MINOR, was being subjected to.

21.     The conduct of and acts of ASSAILANT 1 and ASSAILANT 2 continued as to JOHN DOE 2, A MINOR, until the public became aware of such sexual assaults, until such time as an investigation was conducted by law enforcement, and until such time as arrests were made of upper class students who had been involved in the sexual assault of JOHN DOE 2, A MINOR, as well as of other student athletes at LA VERNIA INDEPENDENT SCHOOL DISTRICT.

22.     The conduct of and acts of ASSAILANT 1 and ASSAILANT 2 continued as to JOHN DOE 2, A MINOR, in physically and sexually assaulting JOHN DOE 2, A MINOR, were conducted in a manner contrary to the minor's interests and desires, and in violation of his constitutional rights to bodily integrity and to freedom from intrusions while attending a publicly mandated course of education.   JOHN DOE 2, A MINOR, was humiliated, embarrassed, and depressed as a result of such actions.  The pattern of activity included, but is not limited to, the following:

        a.      Grabbing minor child's penis;

        b.      Penetrating and grabbing minor child's anus with ASSAILANTS' fingers;

        c.      Penetrating minor child's anus with a flashlight;

        d.      Assaulting minor child while he was showering, which resulted in minor child having to shower with his underwear on to help deter and/or prevent future sexual assaults;

e.  Physically tackling and subduing minor child while he was repeatedly sexually assaulted; and

f.  Being repeatedly threatened by ASSAILANTS that they were "going to get you."

## IV.

### Plaintiff's Claim for Relief--Title IX Claim

### Against LA VERNIA INDEPENDENT SCHOOL DISTRICT

23.   At all material times, there was in full force and effect in the United States of America a certain statute known as Title IX of the Education Amendments of 1972, which provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, ... 20 U.S.C. § 1681(a).

24.   The aforementioned sexual harassment took place in a context and environment which was within the control and dominion of Defendant LA VERNIA INDEPENDENT SCHOOL DISTRICT.  Further, the protection afforded by Title IX extends when the harassment is student upon student, which is the case in this claim

25.   Agents and employees of Defendant LA VERNIA INDEPENDENT SCHOOL DISTRICT who had authority to address the aforementioned sexual harassment and to institute corrective measures knew of the risk of sexual harassment but did nothing to prevent the sexual harassment and discrimination against JOHN DOE 2, A MINOR.

26.   Despite actual notice of the conduct described above, agents of the Defendant LA VERNIA INDEPENDENT SCHOOL DISTRICT who had authority to institute corrective

measures were deliberately indifferent to the sexual harassment and discrimination which then allowed the continuation of sexual harassment against not only JOHN DOE 2, A MINOR, but, upon information and belief, multiple other students in the LA VERNIA INDEPENDENT SCHOOL DISTRICT.

### V.

### Plaintiffs' Damages

27.    As a direct and proximate result of the foregoing sexual harassment and discrimination against the minor plaintiff and the knowledge and deliberate indifference of agents of the Defendant LA VERNIA INDEPENDENT SCHOOL DISTRICT to the risk of sexual harassment of minor students, JOHN DOE 2, A MINOR, suffered damages including damages for the mental anguish and physical impairment the minor has undergone in the past and will undergo in the future.

28.    JOHN DOE 1, as the parent of JOHN DOE 2, A MINOR, has the legal duty and obligation to maintain the child, and as such has been damaged in the form of expenses that have been and will be incurred until the minor reaches the age of majority for counseling and psychological treatments for the mental anguish and impairment directly and proximately necessitated by the aforementioned conduct. JOHN DOE 2, A MINOR, has been damaged in the form of expenses that will be incurred after JOHN DOE 2, A MINOR, reaches the age of majority for counseling and psychological treatments for mental anguish and impairment directly and proximately necessitated by the aforementioned conduct.

29.    As a direct and proximate result of the aforementioned conduct, JOHN DOE 2, A MINOR, has been disabled in that the minor was prevented from achieving the academic performance that the minor had before being subjected to the aforementioned conduct, and has

suffered damages resulting therefrom. The minor child has now been forced to attend a school in another school district because of the shame and humiliation created by the sexual harassment.

30.     As a result of having to transfer to another school, the minor child was initially declared ineligible to play basketball at his new school for one year because of UIL requirements. After it was determined that JOHN DOE 2, A MINOR, transferred schools because of the sexual assaults referenced in this Complaint and not for athletic purposes, the minor child was declared eligible by the UIL to play basketball on December 8, 2017. However, by that time, minor child had missed approximately 13 games.

31.     The conduct of the Defendant is such that for the purposes of punishment, Plaintiffs are entitled to an award of punitive damages.

32.     Plaintiff has and will in the future incur attorney's fees and expenses in prosecuting this action and is entitled to an award of those attorney's fees and expenses under 42 U.S.C. § 1988.

## VI.

### Jury Demand

33.     Plaintiff, on behalf of himself and the minor child, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

**WHEREFORE,** JOHN DOE 1, INDIVIDUALLY AND AS NEXT FRIEND FOR JOHN DOE 2, A MINOR, prays for:

9

1.   A judgment for compensatory damages against Defendant, LA VERNIA INDEPENDENT SCHOOL DISTRICT in excess of the minimum jurisdictional requirements of the Court, such amount being greater than $1,000,000.00;

2.   A judgment for punitive damages against Defendant, LA VERNIA INDEPENDENT SCHOOL DISTRICT, in excess of the minimum jurisdictional requirements of the court;

3.   An award of Plaintiffs' reasonable attorney's fees and expenses to 42 U.S.C. § 1988;

4.   Costs of court; and,

5.   An award of all other relief to which adult and minor Plaintiff are entitled.

Respectfully submitted,

LAW OFFICES OF FIDEL RODRIGUEZ, JR.
111 Soledad, Suite 1300
San Antonio, Texas 78205
(210) 224-1057; Telephone
(210) 224-0533; Telecopier

BY:   /S/ FIDEL RODRIGUEZ, JR.
        FIDEL RODRIGUEZ, JR.
        State Bar No. 17145500
        Email: fidel@fidrodlaw.com

OLIVA, SAKS, GARCIA & CURIEL, LLP
14255 Blanco Rd.
San Antonio, Texas 78216
(210) 308-6600; Telephone
(210) 308-6939; Telecopier

BY:   /S/ R. CARLO GARCIA
        R. CARLO GARCIA
        State Bar No. 00790744
        Email: cglaw@osgclaw.com

ATTORNEYS FOR PLAINTIFFS